IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR109 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| RUSSELL DELANO MILEY-CRUZ, | ) | SENTENCING AND RESTITUTION |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by its counsel, Justin E. Herdman, United States Attorney, through Robert J. Patton, John C. Hanley, and Suzana K. Koch, Assistant United States Attorneys, and respectfully states as follows for its Sentencing and Restitution Memorandum.

Defendant in this case was charged with one count of Transmission of Threat in Interstate Commerce, in violation of 18 U.S.C. § 875(c) and one count of Obstruction of Justice, in violation of 18 U.S.C. § 1512(b)(3).  Defendant pled guilty to both counts on September 10, 2019 pursuant to plea agreement (R. 26) in this case.  The parties' plea agreement (R. 26, Page ID# 91, ¶ 12) specifically provides that each party may request whatever sentence it considers appropriate.

**I.   The violent nature of the threats and disruptive effect on Parma High School warrants a sentence with the upper range of the guidelines contemplated in the plea agreement.**

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which states:

This Court is required to consider the following factors in determining the sentence.

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>   (B) to afford adequate deterrence to criminal conduct;
>
>   (C) to protect the public from further crimes of the defendant; and
>
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(5) any pertinent policy statement--

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

As an initial matter, the parties' plea agreement (R. 26, Page ID# 91, ¶ 14) stipulates to the following guideline calculation:

| **Count 1 – Transmission of Threat in Interstate Commerce (18 U.S.C. § 875(c)) & Count 2 – Obstruction of Justice (18 U.S.C. § 1512(b)(3))** | | |
|---|---|---|
| Base offense level | 12 | § 2A6.1(a)(1) |
| Specific Offense Characteristics – disruption of substantial public or governmental services | +4 | § 2A6.1(b)(4) |
| Obstruction | +2 | § 3C1.1 |
| **Subtotal** | **18** | |

Given defendant's lack of a criminal history, placing him in a Category I for criminal history under the guidelines, and expectation that defendant continues to demonstrate acceptance of responsibility, the government anticipates that defendant's guideline range will be 18 to 24 months (Level 15, CH I).  Accordingly, the government will seek a sentence of 24 months for the reasons set forth below.

When considering the nature and circumstances of the offense, the government relies on the details of defendant's offense conduct, stated in pertinent part below, as set forth in the plea agreement's factual basis (R. 26, Page ID# 93-4, ¶ 19):

On April 11, 2018, defendant transmitted from the State of Pennsylvania to the State of Ohio, an electronic communication via Snapchat to T.G, not charged, which contained a threat to injure students at Parma High School, specifically, "Don't go to Parma High School tomorrow friend, we are about to shoot that s_ _t up alright man?  Don't tell the cops and you will be fine."

On the same day, defendant misled law enforcement by providing a false phone number, denying the use of the snapchat username "djravetastic," denying knowledge of anyone in Parma, Ohio, denying use of a "GMX" email account, denying knowledge of phone numbers from area code 212 ending in 2668 and 0347, denying knowledge of a phone number beginning with area code 931 ending in 2668.  Defendant made the foregoing false statements to Parma Police Department Detectives, Federal Bureau of Investigation Special Agents, and Scranton Police Department Detectives.  As a result of the threat, Parma High School administration cancelled the school day for all students.  Parma Police dispatched an officer to Geauga County to interview the recipient of the threat.  Also, a Detective coordinated contact with various social media and tech companies as well as other law enforcement agencies in multiple states to track

the origin of the threat. Parma Police incurred nine (9) hours of overtime[1] investigating the threat and identifying the defendant.

The government submits that a sentence of 24 months for the violent threats defendant made to Parma High School students is appropriate as such a sentence would be consistent with the considerations expressed in 18 U.S.C. § 3553(a)(2)(A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Further, a sentence of 24 months is entirely appropriate "to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The upper limit of the stipulated guideline range is further justified as defendant purposely and repeatedly made false statements to federal and state law enforcement agents and officers. His obstruction not only frustrated law enforcement's efforts to determine whether the threats were legitimate, but were intended to conceal defendant's criminal conduct. Defendant's extraordinary efforts to thwart law enforcement's investigation is underscored by evidence that defendant created a false Facebook profile using a photograph and actual name of an attending Parma High School student. Defendant then used that student's likeness to comment on social media with postings taking responsibility for defendant's threats to Parma High School. Accordingly, a sentence of 24 months is wholly consistent with 18 U.S.C. § 3553's primary sentencing considerations and should be imposed in this case.

---

[1] The government estimates that the total amount owed in overtime incurred by the Parma Police Department is approximately $409.92. The restitution component of defendant's sentence will be thoroughly addressed below.

> **II.     Restitution should be ordered against Defendant Russell Delano Miley-Cruz pursuant to the Mandatory Victim Rights Act.**

Restitution orders are authorized by statute, 18 U.S.C. §§ 3663, 3663A, and 3664, and are distinct and separate from the United States Sentencing Guidelines. Restitution constitutes punishment. *United States v. Schulte*, 264 F.3d 656 (6th Cir. 2001) *see also United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (restitution is "punitive rather than compensatory in nature"). "Although the guidelines mandate imposition of restitution where allowable under the statutes, the restitution statutes function independently from the guidelines and do not rely on the guidelines for their validity." *United States v. Sosebee*, 419 F.3d 451, 462 (6th Cir. 2005). "Restitution under the MVRA is a criminal penalty and a component of the defendant's sentence." *United States v. Adams*, 363 F.3d 363 (5th Cir. 2004) (*quoting United States v. Chaney*, 964 F.2d 437, 451 (5th. Cir. 1992).

It is the court that determines the amount of restitution. The MVRA specifically states that the amount of restitution should be equal to the "amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the Defendant." 18 U.S.C. § 3664(f)(1)(A) (when a court is ordering restitution, the amount of restitution should be equal to the "amount of each victim's losses *as determined by the court*." *Sosebee*, 419 F.3d at 462 (*quoting* 18 U.S.C. § 3664(f)(1)(A) (emphasis in original)).

The Mandatory Victims Restitution Act ("MVRA") requires the court to order that the Defendant make restitution to the victim of "a crime of violence, as defined in section 16." 18 U.S.C. §§ 3663A(c)(1)(A)(i). The MVRA requires those convicted of crimes of violence that result in damage to pay restitution for victims' losses. *United States v. McDougal*, 368 F.App'x 648, 652 (6th Cir. 2010). Defendant Miley-Cruz is charged, and has pled guilty to, a crime of violence. 18 U.S.C. § 16(a).

The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. § 3663A(a)(2). Under the MVRA, a victim is any person harmed "as a result of the commission of an offense ... including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663A(a)(2). *United States v. Elson*, 577 F.3d 713, 730 (6th Cir. 2009). The MVRA "does not require a victim to have a subjective belief that he or she has been harmed. Rather, it is left to the court to make that determination." *United States v. Teadt*, 2016 WL 3455353 (6th Cir. Jun 24, 2016). In this case, the victim is the Parma Police Department.

    **A.**    **Restitution should be made payable by Defendant Miley-Cruz to the Parma Police Department in the total amount of $409.92**.

The total amount of restitution due to the victim in this case is $409.92. That amount represents the payroll cost of the Parma Police Department for the identification of the threat. The restitution amount does not include the cost of prosecution, but only the amount directly attributed to the investigation of the threat and identifying the Defendant.

    **B.**    **Specific payment terms requested.**

The United States requests that the Court establish the following conditions of restitution payment in accordance with the Court's authority under 18 U.S.C. §§ 3572 and 3664(f), which should be applicable until such time as Defendant has satisfied the financial obligations to be imposed by the judgment:

1. the special assessment must be paid in a lump sum due immediately; and

2. payment of restitution is due immediately. Any restitution amount that remains unpaid when the Defendant's supervision commences is to be paid on a monthly basis at a rate of at

least 25% of Defendant's gross earnings, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3).  If Defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered) the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any restitution still owed.

**III.    Conclusion**

The United States respectfully requests that Defendant Russell Delano Miley-Cruz receive a sentence of 24 months, which the government believes is sufficient but not greater than necessary to reflect his disruptive and misleading conduct and serves the ends of justice in this case.  In addition, the United States respectfully requests that the Court order immediate payment of restitution by the Defendant to Parma Police Department of $409.92.

                                                  Respectfully submitted,

                                                  JUSTIN E. HERDMAN
                                                  United States Attorney

By:    /s/ *Robert J. Patton*
       Robert J. Patton (OH: 0066590)
       John C. Hanley (OH: 0079910)
       Suzana K. Koch (OH: 0073743)
       Assistant United States Attorneys
       United States Court House
       801 West Superior Avenue, Suite 400
       Cleveland, OH 44113
       (216) 622-3856
       (216) 522-4542 (facsimile)
       Robert.Patton2@usdoj.gov
       John.Hanley2@usdoj.gov
       Suzana.Koch@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on this 7th day of January 2020 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's system.

                                                  /s/ *Robert J. Patton*
                                                  Robert J. Patton
                                                  Assistant U.S. Attorney